**UNITED STATES of America**

v.

**Reuben T. WARD.**

**Nos. 71–1654, 71–1677.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 29, 1971.

---

Miss Marilyn Cohen was on the pleadings for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry and James A. Adams, Asst. U. S. Attys., were on the pleadings for appellee.

Before BAZELON, Chief Judge, and ROBINSON, Circuit Judge.

PER CURIAM:

Appellant entered a plea of guilty in the District Court to a count charging unarmed robbery.[1] At sentencing, then 21 years of age,[2] he requested, personally and through his counsel, a commitment under the Federal Youth Corrections Act[3] in lieu of an adult sentence. Alternatively, counsel sought a presentence study to develop additional information as to whether appellant could profit from a youth commitment.[4] The sentencing judge denied both requests, stating in part:

> [T]he victim of the robbery in the instant offense was killed under circumstances surrounding the offense which were therefore of a very serious nature. Defendant Ward has apparently been on drugs for some time. . . . His choice of companions and activities has been such that he can be characterized as having street corner sophistication. In the Court's opinion the defendant Ward requires a program of discipline, guidance, and

---

1. D.C.Code § 22–2901 (Supp. IV 1971). The plea followed a three-week trial with another on charges of felony-murder, second degree murder, armed robbery and robbery, which resulted in a hung jury.

2. See note 7, *infra*.

3. 64 Stat. 1085 (1950), 18 U.S.C. §§ 5005 *et seq.* (1964). The provisions appellant invoked are 18 U.S.C. §§ 5010(b)–(c) (1964).

4. See 18 U.S.C. § 5010(e) (1964).

control firmer and more strict than provided by the Youth Correction, or Youth Act commitment. The Court will therefore sentence him under the applicable penalty provision rather than under the Youth Corrections Act.

The judge then imposed a sentence of imprisonment for a term of four to twelve years. He added that he would recommend that appellant "be sent to an institution where they usually send youth offenders such as Petersburg, Virginia, or some institution of that type." The judgment of conviction included such a recommendation,[5] but appellant remains in confinement in an adult penal facility.[6] The sentence has been appealed, and appellant moves for summary reversal and a remand for re-sentencing. We remand the record to the District Court for much-needed elucidation.

■ The Youth Corrections Act provides that "[i]f the court shall find that the youth offender [7] will not derive benefit from treatment under [the Act], then the court may sentence the youth offender under any other applicable penalty provision." [8] As we emphasized in United States v. Waters,[9] however, "the court must affirmatively find that the youth offender will *not* benefit from rehabilitative treatment before the offend-

er can be sentenced as an adult pursuant to the statute governing the offense for which he was convicted." [10] We pointed out that "the trial judge [is not precluded] from exercising his sound discretion to deny such rehabilitative treatment to those youths in the exceptional case where the judge determines that the special youth treatment afforded by the Act would be of no value." [11] But, as we hastened to explain, "this discretion is circumscribed by the findings of fact in the individual case which the District Judge is required to make either explicitly or implicitly," [12] and the judge may resort to an adult sentence *only if* the applicable facts in the individual case meet the statutory requirements." [13]

■ It follows, in the case at bar, that "[o]nly if the court found that the appellant youth offender would *not* derive benefit from 'rehabilitative treatment under the Youth Corrections · Act did the District Court have discretion to sentence appellant under the regular adult statutory provision." [14] And as *Waters* makes plain, the balance Congress has struck for cases not meeting that requirement is not to be disturbed through the expedient of a judicial weighing of the supposed values of youth commitments and adult sentences.[15]

---

5. The judgment informs that "[t]he Court recommends commitment to an institution where youthful offenders are normally incarcerated, similar to Petersburg, Virginia."

6. Appellant also moved in the District Court for transfer therefrom to a youth-type facility pending disposition of his appeal, and the court's denial of that motion is a subject of his motion for summary reversal here. We reserve our ruling on that aspect of the motion, as upon its other aspects, until completion of the remand directed herein.

7. " 'Youth offender' means a person under the age of twenty-two years at the time of conviction." 18 U.S.C. § 5006(e) (1964). " 'Conviction' means," *inter alia,*

"the judgment on a * * * plea of guilty * * *." *Id.* § 5006(h). Appellant clearly fell within these definitions.

8. 18 U.S.C. § 5010(d) (1964).

9. 141 U.S.App.D.C. 289, 437 F.2d 722 (1970).

10. *Id.* at 291, 437 F.2d at 724 (emphasis in original) (footnote omitted).

11. *Id.*

12. *Id.* at 292, 437 F.2d at 725.

13. *Id.* at 293, 437 F.2d at 726 (emphasis in original).

14. *Id.* at 294, 437 F.2d at 727 (emphasis in original).

15. *Id.* at 293, 437 F.2d at 726.

We are unable, however, to ascertain from the present record just what conclusion the judge reached as to appellant's susceptibility to benefit from a commitment and treatment under the Act. There was, of course, no express finding in that regard, and implications either way can readily be drawn from what the judge said. The judge's view that appellant needs a program sterner than such a commitment would afford does not negate the possibility that appellant nonetheless might be helped significantly by just such a commitment.[16] That is the more so when considered in light of the judge's subsequent recommendation that appellant be sent to a youth-type institution.[17] On the other hand, whatever service the recommendation might otherwise have done as an implied finding of benefit derivable from treatment under the Act is beclouded by the judge's earlier declaration that appellant's situation demands something different from what the Act offers.[18] We cannot identify with satisfactory assurance the finding which the judge's discussion was intended to embrace.

With this degree of ambiguity, we ask the sentencing judge, as we must, to illuminate his reasoning. Only if we are more explicitly informed as to what the judge had in mind can we discharge our responsibilities on an intelligent basis. We accordingly remand the record to the District Court for prompt clarification, and reserve our ruling on the pending motion in the meantime.

So ordered.

16. In other words, a youth commitment could conceivably be beneficial to appellant despite an opinion that an adult sentence might be better.

17. See United States v. Waters, *supra* note 9, 141 U.S.App.D.C. at 293, 437 F.2d at 726.

18. *Cf.* United States v. Waters, *supra* note 9, 141 U.S.App.D.C. at 293, 437 F.2d at 726.