**UNITED STATES of America**

v.

**Jesse D. LOWERY, Jr.**

**Cr. Nos. 1958–70, 637–71.**

United States District Court,
District of Columbia Circuit.

Dec. 10, 1971.

Daniel Toomey and Donald S. Smith, Asst. U. S. Attys., for the United States.

Barney J. Keren, Washington, D. C., for defendant.

3. Petitioner previously filed a petition, 69 Civ. 1089, for a writ of habeas corpus which was denied by this court on May 9, 1969 on the ground that petitioner had failed to exhaust his state remedies. The prior petition raised many issues not raised in the present petition. The court has reviewed the claims then made and finds that they are without merit and that many of them still have apparently not yet been raised in the state court.

## MEMORANDUM OPINION

RICHEY, District Judge.

This case came before the Court on December 7, 1971, for the purpose of sentencing in the above numbered cases, after the defendant entered pleas of guilty to the offense of carnal knowledge in Criminal No. 1958–70 and the offense of robbery in Criminal No. 637–71. The Court permitted defense counsel to allocute in behalf of his client at which time the Court was urged to sentence the defendant under the provisions of the Federal Youth Corrections Act, 18 U.S.C. § 5005 et seq. (1970). This Court indicated that the probation department had recommended that the defendant be sentenced according to the provisions of Section 5010(b) of the YCA with the further recommendation that sentence be served at Ashland, Kentucky or Petersburg, Virginia. However, this Court stated its express concern regarding its authority to follow the recommendation of the probation office in light of the Order and Findings of Fact and Conclusions of Law in the ancillary proceeding conducted by Judge Gerhard A. Gesell in United States v. Alsbrook, 336 F.Supp. 973 (D.D.C.1971), which was subsequently ratified by a majority of the other judges sitting on this Court. It is to be noted that this member of the District Court dissented at the time the matter was discussed before a special meeting of the Executive Session of the District Court for the reasons hereinafter set forth in this opinion.

This Court is particularly troubled by that portion of the *Alsbrook* opinion which states as follows:

"(1) No defendant shall be so committed under the Youth Corrections Act with a 5010(e) study.

"(2) In the event the study indicates that the correction authorities consider the defendant amenable to final commitment under the Youth Corrections Act, the Court shall require as part of the 5010(e) report a precise statement by the correction authorities of the plan of treatment and the approximate period of time it is contemplated the defendant will be in custody before release to a half-way house, including goals that will be set for him prior to release.

"(3) No defendant shall be committed under the Youth Corrections Act unless the Attorney General certifies in advance as to each defendant that a facility is available to provide the type of program and adequate period of treatment contemplated in the particular 5010(e) report.

"(4) Under appropriate circumstances, the Court shall commit all offenders under U.S.Code offenses for 5010(e) studies and ultimate incarceration at other Youth Centers around the country." Opinion at 979.

Furthermore, Judge Gesell's Order states as follows:

"A. The Attorney General, the Director of the Federal Bureau of Prisons and the Mayor-Commissioner of the District of Columbia shall jointly submit in writing by December 15, 1971, (1) a plan for immediately creating additional facilities to house at least 300 male defendants committed by this Court under the Youth Corrections Act, together with a schedule for putting such plan promptly into effect; and (2) a plan for conducting all 5010(e) studies ordered by this Court at an appropriate facility and not at the D.C. Jail commencing January 1, 1972.

"B. A hearing is scheduled for 9:30 a. m., on December 23, 1971, at which the Attorney General, the Director of the Federal Bureau of Prisons and the Mayor-Commissioner of the District of Columbia shall show cause why the plans submitted, or variations and modifications thereof, shall not be ordered into effect on dates to be set following said hearing."

The Court believes that the preceding portions of the *Alsbrook* opinion give rise to several questions with regard to

the sentencing in the case at bar. First, is this Court legally bound by *Judge Gesell's* opinion? Secondly, is the *Alsbrook* opinion consonant with enlightened and modern concepts of correctional philosophy and practice since in some cases, including the case at bar, the defendant's ties with the community would be severed as a result of incarceration in an institution away from his home? Thirdly, is the *Alsbrook* decision consistent with the legislative mandate contained in the Federal Youth Corrections Act, 18 U.S.C. § 5005, et seq. (1970)? Finally, is the study under 18 U.S.C. § 5010(e) (1970) necessary or even desirable in all instances in light of the resources available to this Court through the probation office and the presentence reports they compile?

This member of the District Court is the first to admit the existence of numerous deficiencies in the correctional facilities in the District of Columbia and elsewhere. The Court also recognizes that the quality of the treatment suffers as a result of overcrowding and inadequate facilities. This Court applauds Judge Gesell in his efforts to make the community aware of these problems which need immediate attention. However, this Court disagrees now, just as it dissented when the *Alsbrook* case was placed before the entire Court for approval, with the suggested remedies and the manner in which the plan is to be effectuated.

 Initially, it cannot be gainsaid that in matters relating to sentencing the trial court has virtually absolute, if not unfettered discretion. *See* Blockburger v. United States, 284 U.S. 299, 52 S. Ct. 180, 76 L.Ed. 306 (1932); Wilson v. United States, 118 U.S.App.D.C. 319, 335 F.2d 982 (1963). With respect to the sentencing power, the United States Court of Appeals for this Circuit has stated:

"It is clear beyond peradventure that this court had and has no control over a sentence which comports with the applicable statute, 'even though it be a death sentence.' Nor may we reduce or modify a sentence or require a trial judge to do so." Jones v. United States, 117 U.S.App.D.C. 169, 171–172, 327 F.2d 867, 869–870 (1963).

It is clear that absent a manifest abuse of discretion, and provided the trial judge complies with the applicable statute, his discretion in sentencing cannot be infringed upon. This Court believes that the same rationale stated in Jones v. United States, *supra*, applies to the sentencing in the case at bar. Obviously, if the United States Court of Appeals cannot interfere with this Court's legitimate exercise of its discretion, *a fortiori*, another District Court judge acting solely or all members of the District Court sitting as a body cannot interfere. While it is clear that the Judicial Branch of the Government has the authority to interpret the law reasonably and in conformity with the Constitution, it may not alter the law or fashion it to its own liking, since this is the express function of the Legislative Branch. Therefore, insofar as the directives contained in the *Alsbrook* case alter or delimit the discretion of this or any trial judge on this District Court in sentencing under the Federal Youth Corrections Act, 18 U.S.C. § 5005, et seq. (1970), "it cannot be said to be either persuasive authority or binding on this Court," as the United States Attorney's Office stated in its memorandum to the Court in this matter.

On December 1, 1971, while the contents of this report were under consideration, Judge Gesell rendered certain Findings of Fact and Conclusions of Law on Ancillary Hearing in United States v. Alsbrook, 336 F.Supp. 973, which may be generally summarized as follows:

(1) That serious overcrowding exists at the Lorton Youth Center;

(2) That the diagnostic studies ordered pursuant to 18 U.S.C., Section 5010(e), were being conducted at the District of Columbia Jail and not at an "appropriate classification center or agency"; and

(3) That the net effect of these conditions is to frustrate the principles and goals of the Act.

█ In attempting to formulate an interim solution, Judge Gesell issued the directives previously quoted herein be followed where "a defendant may be amendable for final commitment under the Youth Corrections Act." Opinion at 11. After careful consideration of these recommendations and the circumstances which led to their establishment, this Court has elected in this case *not* to follow these guidelines and has in its discretion, for reasons stated, elected to sentence the defendant herein pursuant to 18 U.S.C. § 5010(b) (1970). In reaching this decision, this Court has been forced to decide the troublesome question raised by Judge Gesell's recommendation in *Alsbrook*:

> *Should individual statutory or constitutional rights be suspended or compromised due to the failure of the criminal justice system to provide adequate facilities?*

After thorough consideration of this question in the context of this particular case, this Court has concluded the answer to be no. As Judge Gesell himself has unequivocally stated, "There is no legal authority for directing otherwise eligible youths to adult institutions due solely to lack of space." Opinion at 976.

### A Section 5010(e) Study is Unnecessary in the Context of This Case

█ First, preparation of the presentence report herein has already resulted in a delay of over one month from the date of the plea. An additional delay for the purposes of a Section 5010(e) evaluation would further delay final commitment by at least an additional sixty days, thus serving to frustrate the rehabilitative purpose of the Federal Youth Corrections Act.

Secondly, as of this date, Section 5010(e) evaluations are still being conducted at the D.C. Jail, a situation which was found to be inconsistent with the purposes of the Act. *See Alsbrook* Opinion at 975–976.

Thirdly, the thoroughness of the Presentence Report, and the fact that this Court has had occasion in the course of these proceedings to meet and observe the defendant's parents combine to provide this Court in this instance with sufficient information to find the defendant appropriate for treatment under the Federal Youth Corrections Act. United States v. Waters, 141 U.S.App. D.C. 289, 437 F.2d 722 (1970); United States v. Ward, 147 U.S.App.D.C. ——, 454 F.2d 992, decided October 29, 1971. The inflexibility of this requirement is underscored in this case for by coincidence the probation officer who prepared the report herein has in the past conducted Section 5010(e) studies and is very familiar with the qualifications necessary for a defendant to be sentenced under the Act.

Fourthly, the following specific facts are present and are probative in this Court's decision:

(a) The defendant is now 19 years old and a lifetime resident of the District of Columbia.

(b) The defendant has not been convicted of any prior law violations either as an adult or as a juvenile, except in these cases.

(c) The defendant possesses strong family ties in the District of Columbia, which in the Court's opinion, will provide a stabilizing influence and ultimately aid in rehabilitation.

### A Precise Statement of the Treatment Plan, The Approximate Period of Confinement and Established Goals is Unnecessary in the Context of this Case and is Otherwise Undesirable.

█ This Court fails to see any legitimate judicial purpose in requiring correctional authorities to state in advance with any precision the treatment plan, its length and its pre-release goals. The Act by its very purpose contemplates flexible and indeterminate sentences tailored to fit the needs of individual offenders. The mandate of Con-

gress and this flexibility is severely restricted if correctional authorities must prematurely commit themselves to a speculative "plan" which subsequently proves inappropriate.

This Court can, however, think of an illegitimate purpose to be served by such a "plan" for this requirement may well serve to put pressure on the correctional system to recommend and subsequently institutionalize youthful offenders for a greater period of time than may actually be necessary for fear of losing a rehabilitable youth to the more punitive provisions of the adult sentencing process.

*It is Unnecessary and Improper to Require a Certification of Space*

■ The question of certification of facilities has previously been dealt with by Congress, and, therefore, this area is properly one to be considered by the legislature which enacted it and not by judicial intervention. *See,* 18 U.S.C. § 5012 (1970).

Notwithstanding the appropriateness of this question for Congressional consideration, a substantial constitutional question is raised in equal protection terms by those individual youthful offenders otherwise qualified for the Act who are precluded from receiving its benefits due solely to lack of facilities.

Finally, it must be noted that the judiciary cannot usurp on a piecemeal basis selected correctional functions which traditionally have been the exclusive province of our correctional system.

Sentencing is the most awesome task of the trial judge. As the Supreme Court stated many years ago when discussing judicial discretion under the Probation Act: "That exercise 'implies conscientious judgment. * * * It takes account of the law and the particular circumstances of the case'". Burns v. United States, 287 U.S. 216, 222–223, 53 S.Ct. 154, 156, 77 L.Ed. 266 (1932).

Thus, although I agree with the finding in *Alsbrook, supra,* that part of the system of criminal justice has collapsed because of the inadequacy of facilities at the Lorton Youth Center, I do not think that in response thereto judges of this Court can or should compromise their duty "to individualize each case, to give that careful, humane, and comprehensive consideration to the particular situation of each offender", *Burns, supra* at 220, 53 S.Ct. at 155—and in most instances such consideration must lead to sentencing eligible youths under 18 U.S.C. § 5010 (1970).

Based upon the foregoing findings of fact and conclusions of law, the Court hereby orders that the defendant be committed to the custody of the Attorney General pursuant to the provisions of 18 U.S.C. § 5010(b).