**UNITED STATES of America**

v.

**Michael GILLUM, Appellant.**

**No. 24936.**

United States Court of Appeals,
District of Columbia Circuit.

Argued March 3, 1972.

Decided June 26, 1972.

---

Mr. Charles S. Iversen, Washington, D. C. (appointed by this court), for appellant.

Mrs. Ann S. DuRoss, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before LEVENTHAL and ROBINSON, Circuit Judges, and JAMES F. GORDON,* Chief Judge, U. S. District Court for the Western District of Kentucky.

LEVENTHAL, Circuit Judge.

Appellant was convicted, after a jury trial, of burglary in the first degree. Upon this appeal, he urges the insufficiency of the evidence and alleges that the jury's verdict, convicting him of burglary but acquitting him of robbery, was impermissibly inconsistent. We have carefully considered each of these points and find them without merit.

A more difficult issue, however, is presented by the photographic identification which preceded appellant's trial. Our opinion in United States v. Ash, 149 U.S.App.D.C. ——, 461 F.2d 92 (1972) (en banc), cert. granted 407 U.S. 909, 92 S.Ct. 2436, 32 L.Ed.2d 682 (1972), issued two days prior to the oral argument of this case. Ash decided that

> defendant's constitutional right to counsel at critical stages of the prosecution was violated when the Government, having him in custody, and having failed to arrange a corporeal lineup, made a photographic presentation to witnesses without attendance of counsel. At —— of 149 U.S.App. D.C. at 99 of 461 F.2d.

Application of Ash to this case would require rulings on such questions as whether and under what conditions it applies when a person in custody for one crime is identified by the witness to another offense,[1] and whether the Ash ex-

---

* Sitting by designation pursuant to 28 U.S.C. § 292(c) (1970).

1. The Ash opinion states (at —— of 149 U.S.App.D.C., at 100 of 461 F.2d):

> We conclude that the sound rule prescribes that in general, subject to certain exceptions, Wade and its requirement of presence of counsel, are applicable to a Government exhibition of

ception for investigative need might be applicable. These questions might require a remand.

We think the sound disposition of this case is a declaration that *Ash* is prospective, and inapplicable to photographic viewings held prior to the issuance of *Ash*. The *Ash* opinion considered the rule of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), applicable to photographic presentations of a suspect in custody. The Supreme Court applied *Wade* prospectively, to subsequent lineups. Stovall v. Denno, 388 U.S. 293, 301, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). This court declined to exercise its supervisory authority so as to give *Wade* retrospective application. Borum v. United States, 133 U.S.App.D.C. 147, 150, 409 F.2d 433, 436 (1967), cert. denied, 395 U.S. 916, 89 S. Ct. 1765, 23 L.Ed.2d 230 (1969). Comparable, though not identical, considerations militate against retrospective application of *Ash*.[2] This leaves open, for cases prior to *Ash*, the possibility of an issue as to the fairness of the nature and conduct of the photographic showing—without the benefit, however, that attendance of counsel would have provided.

Affirmed.

photographs of a person in custody for an offense to witnesses called to identify the person who committed *the offense*. (Emphasis added.)

On September 24, 1969, appellant was arrested for robbery of a liquor store, an incident not related to the burglary involved in this appeal. The police testimony is that at the time when appellant's picture was included in photographs shown, that day, to Charles Strickland, the witness to the burglary, they had no inkling of appellant's involvement in the burglary. If so, *Ash* is clearly not applicable.

But Mr. Strickland testified that he told police responding at the scene that "Blinky" (appellant) was one of the intruders.

In any event, there was a second photographic showing to Strickland on October 2, 1969, prior to the corporeal lineup of October 16. At the trial, held prior to *Ash*, there was no consideration of the reason or need for the second photographic showing.

2. As to the *Ash* opinions set forth, the court rulings prior to 1970 were that *Wade* was not applicable to photographic showings. Application of *Ash* retrospectively would likely involve remand or reopening of some completed trials, and inquiry into an issue, of investigative reasons or necessity, which would likely not have been the subject of special focus at the time.