295 A.2d 69 (1972)
In the Matter of T.W., Appellant.
No. 6284.
District of Columbia Court of Appeals.
Argued June 20, 1972.
Decided September 18, 1972.
*70 William A. Bradford, Jr., Washington, D. C., for appellant.
E. Calvin Golumbic, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for the District of Columbia.
Paul L. Friedman, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Robert J. Higgins, Asst. U. S. Attys., were on the brief, for the United States as amicus curiae.
Before REILLY, Chief Judge, and NEBEKER and PAIR, Associate Judges.
NEBEKER, Associate Judge:
In this appeal from a delinquency adjudication we are asked to adopt the holding of the United States Court of Appeals for the District of Columbia Circuit in United States v. Ash, D.C.Cir., 461 F.2d 92 (decided March 1, 1972) (en banc), cert. granted, 407 U.S. 909, 92 S.Ct. 2436, 32 L.Ed. 2d 682 (1972). Ash held that a
"defendant's constitutional right to counsel at critical stages of the prosecution was violated when the Government, having him in custody, and having failed to arrange a corporeal lineup, made a photographic presentation to witnesses without attendance of counsel...." [Id., 461 F.2d at 99.]
We note that the Sixth Amendment point was not urged below. Appellant seeks to urge it now on the basis of a general trial court challenge to photographic identification testimony on Fifth Amendment due process grounds based on asserted improper suggestivity. Subsequent to the decision in Ash, the United States Court of Appeals, on the basis of Stovall v. Denno, 388 U.S. 293, 301, 87 S.Ct. 1967, 18 L.Ed. 2d 1199 (1967),[1] and Borum v. United States, 133 U.S.App.D.C. 147, 150, 409 *71 F.2d 433, 436 (1967), declined to give the Ash doctrine retrospective application. See United States v. Gillum, D.C.Cir., 463 F.2d 957 (decided June 26, 1972). The court said:
"We think the sound disposition of this case is a declaration that Ash is prospective, and inapplicable to photographic viewings held prior to the issuance of Ash...." [Id., 463 F.2d at 958; emphasis supplied.]
We deem it unnecessary and of questionable appropriateness, notwithstanding the urging of the United States as amicus curiae, to decide whether to follow or reject[2] the Ash holding. Though T.W. may well be viewed as standing in this court in the same position as Ash did in the circuit court and thus would be the only retroactive beneficiary of a favorable ruling (see Stovall v. Denno, 388 U.S. supra at 301, 87 S.Ct. 1967),[3] we conclude that proper administration of justice requires avoidance, when possible, of issues which would create case law conflict within the District of Columbia. It is particularly important to observe that both the local and federal court systems in the District of Columbia are dealing with criminal cases which are investigated and prosecuted in many instances by the same local law enforcement agencies. The Supreme Court gave great weight to the impact of retroactive rulings on law enforcement officials when it concluded to apply its Wade holding prospectively only. Stovall v. Denno, supra at 299-300, 87 S.Ct. 1967. We think that factor, the possibility of confusion among law enforcement officials from a decision contrary to Ash, the fact that the specific issue was not raised in the trial court,[4] and the fact that the question is before the Supreme Court for decision, all militate against deciding the Sixth Amendment issue in this case. Accordingly, we express no view on the merits of the Ash doctrine.
Appellant also complains that the photographic displays and a showup at the scene of the attempted robbery and shooting were impermissibly suggestive,[5] and that the identifications at trial were not shown by clear and convincing evidence[6] to be independently supported. We have reviewed the record, which includes the photographic displays, and conclude that the displays are not so suggestive as to fall under the Fifth Amendment. Indeed, some of the subjects are similar enough in appearance to explain why the victim of the shooting mistakenly selected a wrong picture during a hearing in the trial court.
On the question whether the on-scene showup was "so unnecessarily suggestive and conducive to irreparable mistaken identification"[7] that a denial of due process occurred, we also disagree with appellant. He was arrested a few blocks away from the scene of the crime within 10 to 15 minutes and was brought back where two witnesses confirmed  one quite unexpectedly to the police  that appellant had been standing nearby for some time before he was seen attempting the robbery. Jones v. United States, D.C.App., 277 A.2d 95 (1971). One witness who saw T.W. standing nearby had left the immediate area before the shooting occurred. The *72 other witness was one of the victims of the attempted robbery who had observed T.W. both before and during the commission of the crime. When returned to the scene, appellant was not handcuffed, and the police merely asked, "Is this one of them?" Both identifying witnesses had ample opporunity to observe the appellant sufficiently to dissipate any inherent, though permissible, suggestiveness attached to such a prompt on-scene showup.
The record also reveals ample basis for the finding of the trial court that appellant was the one who committed the offense. Accordingly, the delinquency adjudication is
Affirmed.
NOTES
[1] Which applied United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1140 (1967) prospectively only.
[2] M.A.P. v. Ryan, D.C.App., 285 A.2d 310 (1971).
[3] The photographic displays in this case were made before March 1, 1972, the day of the decision in United States v. Ash, D.C.Cir., 461 F.2d 92 (decided March 1, 1972).
[4] United States v. Valez, 431 F.2d 622, 625 (8th Cir. 1970).
[5] Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).
[6] United States v. Wade, supra note 1, 388 U.S. at 240, 87 S.Ct. 1926.
[7] Stovall v. Denno, supra note 5, 388 U.S. at 302, 87 S.Ct. 1967.