**UNITED STATES of America**
**v.**
**Walter HOWARD, Appellant.**
**No. 23830.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 5, 1970.

Decided Sept. 21, 1972.

Alfred L. Scanlan, Washington, D. C. (appointed by court) for appellant.

John O'B. Clarke, Jr., Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee. Charles F. Flynn, Asst. U. S. Atty., also entered an appearance for appellee.

Before LEVENTHAL, MacKINNON and ROBB, Circuit Judges.

**PER CURIAM:**

In reversing this case when it was first here, we "remand[ed] the record with instructions to the District Court to consider the possibility of sentencing under the Youth Corrections Act in accordance with the rule of United States v. Waters, [141 U.S.App.D.C. 289, 437 F.2d 722 (1970).]" [1] We did not specifically require resentencing. Under our mandate resentencing would only have become necessary if the judge considered it was appropriate for him to sentence under the Youth Corrections Act.

The trial judge has complied with our mandate to consider the possibility of a Youth Corrections Act sentence. He has filed an opinion in which he outlines the circumstances of the offense and appellant's prior criminal activities. These included crimes extending over a 2-year period in which appellant "held up 9 banks, 13 loan companies, 30 Safeway stores, 12 Giant stores, 14 Peoples Drug stores and 6 or 7 night depositors," a total of 55 major felonies. In considering the possibility of a sentence under the Youth Corrections Act the court pointed out that a full record had already been made in the case which permitted him to make a fair and reasonable determination in accordance with the requirements of the mandate.

From the preexisting record, and from a memorandum of the U.S. probation officer prepared for the court, the trial judge concluded that appellant's prior experience with youth oriented rehabilitation programs indicated he would not benefit from commitment under the Federal Youth Corrections Act. The court further concluded on the basis of the continuous pattern of appellant's criminal behavior, the serious nature of the offenses involved and appellant's mental attitude, that he required long-term incarceration. The judge accordingly found that a sentence under the Federal Youth Corrections Act would not be suited to appellant's needs, that appellant would not benefit from such

1. 146 U.S.App.D.C. 10, 17, 449 F.2d 1086, 1093 (1971).

treatment and that no change in the sentence he had previously imposed was warranted. We find that the trial court complied with the strict dictates of our mandate.

However, we are now faced with a complaint that appellant, as a practical matter, has been denied his right of allocution.[2] Our examination of the transcript of the brief proceedings at the original sentencing indicates that the strict formalities of Rule 32 were complied with at that time by all parties, but that counsel[3] and the court[4] were both operating under the mistaken view that appellant could not be sentenced under the Youth Corrections Act.[5] In view of such mutual mistake by the principal participants on such an important phase of the sentencing, we remand the case to afford appellant his right of allocution under circumstances where all parties may address themselves to all sentencing possibilities.

Judgment accordingly.

ROBB, Circuit Judge, concurring:

I adhere to the view, expressed in my dissent when this case was here before (United States v. Howard, 146 U.S.App. D.C. 10, 20, 449 F.2d 1086, 1096 (1971)) that the Youth Corrections Act does not apply to a defendant convicted of first degree murder in the District of Columbia.

The district judge fully complied with our previous order of remand which directed him only "to consider the possibility of sentencing under the Youth Corrections Act". He did consider that possibility and properly rejected it.

The present remand seems to be an exercise in formality, but I suppose it can do no harm. Accordingly I concur.

2. Fed.R.Crim.P. 32(a) provides:
. . . Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment.

3. THE COURT: [Counsel], anything further?
[Counsel]: . . . There isn't much I can say in light of the fact that the Defendant was found guilty of felony murder and the jury did recommend life imprisonment and so *I think my statements are limited in view of the verdict* and so I will stop at this point. (Emphasis added.)

4. THE COURT [addressing the defendant]: I received your letter. As . . . . your attorney points out, there is no discretion in the Court.

You have been found guilty of first degree murder and *there is a mandatory sentence in this case.*
In criminal Case No. 746–69, the Court sentences the Defendant Walter Howard, Jr. on Count one to life imprisonment pursuant to Title 22, District of Columbia Code, Section 2404 as amended.
On Counts 3 and 6, the Court sentences the Defendant Walter Howard Jr. on each count to be incarcerated for not less than ten nor more than 30 years.
On Counts 5, 8, 9, 10, 11 and 12, on each count three to ten years.
On Count 13, 3 to ten years. On Count 15, one year and all those sentences will run concurrently with count one, the life imprisonment count. (Emphasis added.)

5. The focus of our previous opinion, United States v. Howard, 146 U.S.App.D.C. 10, 16–21, 449 F.2d 1086, 1092–1097 (1971), was on this mistaken view of the possibility of Youth Corrections Act sentencing, and we did not address ourselves to the expanded sentencing possibilities.