**Roy James HUBB, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 6361.

District of Columbia Court of Appeals.

Argued en banc Oct. 26, 1972.

Decided Dec. 28, 1972.

John Joseph Matonis, Washington, D. C., appointed by this court, for appellant.

Robert Alan Jones, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Brian W. Shaughnessy, Asst. U. S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and KELLY, FICKLING, KERN, GALLAGHER, NEBEKER, PAIR, YEAGLEY and HARRIS, Associate Judges, sitting *en banc*.

PER CURIAM:

Appellant entered pleas of guilty to informations charging him with petit larceny and destruction of property and was sentenced in February 1972, to imprisonment for 360 days on each charge "to run concurrently with each other but to run consecutively to any other sentence that may have been imposed heretofore." His appeal is directed solely to the propriety of this sentencing.

The record reveals that appellant

(a) is 20 years old and has a juvenile record;

(b) was arrested and charged in U. S. District Court in October 1970, on *two separate* charges of armed robbery;

(c) left *without permission* in December 1970, the Blackman's Development Center to which the United States District Court for the District of Columbia released him pending trial of the armed robbery charges;

(d) left *without permission* in April and, again, in August 1971, a Corrections Department halfway house to which he later had been committed while still awaiting determination of his armed robbery charges;

(e) pleaded guilty in September 1971, to attempted robbery and was granted work release by the District Court pending sentence;

(f) was charged in November 1971, with two counts of petit larceny and one count

of destroying private property, the crimes to which he subsequently pleaded guilty in this case and which he had committed while still awaiting sentence by the District Court; and

(g) was sentenced in November 1971 by the District Court under the Federal Youth Corrections Act, 18 U.S.C. § 5010(b) (1964).

Appellant, relying upon United States v. Ward, 147 U.S.App.D.C. 149, 454 F.2d 992 (1971) and United States v. Waters, 141 U.S.App.D.C. 289, 437 F.2d 722 (1970), contends that the trial court erroneously failed to sentence him under the Federal Youth Corrections Act for the misdemeanors he had admitted committing.

The Government vigorously urges that we decline to follow these decisions, and, instead, chart a different course for our courts in the area of sentencing. *See* D.C. Code 1967, §§ 11–101 and 102 (Supp. V, 1972); M.A.P. v. Ryan, D.C.App., 285 A. 2d 310 (1971). We affirm the decision of the trial court in the instant case without reaching the issue pressed upon us by the Government because we do not believe the sentences imposed in this case run afoul of the holdings in United States v. Ward, *supra*, and United States v. Waters, *supra*.

In *Waters,* the Circuit Court concluded that the District Court had erred because it impliedly found the defendant would benefit from treatment as a youth offender but then proceeded to sentence him as "an adult pursuant to the statute governing the offense for which he was convicted". In the instant case, the trial court expressly stated that it made "[n]o such finding," that is, the court did not find that appellant would benefit from treatment as a youth offender under the Youth Corrections Act.[1] Thus, in our view, the sentencing error by the trial court in *Waters* was avoided by the trial court here.

In *Ward,* the Circuit Court deferred ruling on appellant's motion for summary reversal and remanded the record to the District Court "for much-needed elucidation" because it was unable "to ascertain from the present record just what conclusion the judge reached as to appellant's susceptibility to benefit from a commitment and treatment under the Act." The trial court's action in this case suffers from no such lack of clarity. It made clear in the record that because of appellant's past history his rehabilitation was "unlikely" and that (1) it was *not* finding he would benefit from Youth Corrections treatment and (2) it *was* imposing the sentences called for by the statutes he had violated.[2] Therefore, the judgments must be and are

Affirmed.

---

1. The trial court stated in its written opinion:

> Counsel for the defense has suggested that the Court is bound to impose a Youth Act sentence under the rulings of United States v. Waters, 141 U.S.App. D.C. 289, 437 F.2d 722 (1970) and United States v. Ward, 147 U.S.App.D.C. 149, 454 F.2d 992 (1971). In my view, neither decision is binding. The holding in *Waters,* as distinguished from its dictum, was only that where a trial judge explicitly or impliedly finds that a defendant "would benefit from treatment under the Youth Corrections Act" (437 F.2d at 726), he may not use a different sentencing method than that provided under that Act. *No such finding is made here.* (Emphasis added.)

2. The trial court stated in its opinion in the instant case:

> The sequence of events may well *indicate that Youth Corrections Act treatment is unlikely to effect defendant's rehabilitation. . . . [T]o sentence defendant under the Youth Act on this set of facts would be self-defeating.* In view of the statistical evidence that few serious offenders committed under the Youth Act serve more than a period of months of their Youth Act sentences in the District of Columbia, such second, or third, or fourth, sentences would for all practical purposes almost always run concurrently with the first. *In other words, there would be no real sentence for any of these additional criminal acts. This Court is not prepared to lend itself to so futile a gesture.* (Footnote omitted.) (Emphasis added.)