**Lawrence T. PAUL, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 6150.**

District of Columbia Court of Appeals.

Argued April 18, 1972.

Decided March 6, 1973.

John Joseph Matonis, Washington, D. C., appointed by this court, for appellant.

Brian W. Shaughnessy, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee. Thomas A. Flannery, former U. S. Atty., and James F. McMullin, Asst. U. S. Atty., also entered appearances for appellee.

Before KERN, GALLAGHER and PAIR, Associate Judges.

PAIR, Associate Judge:

Appellant, a youth offender,[1] was found guilty after trial by jury on an indictment charging, in two counts, assault with a dangerous weapon,[2] and, in one count,

---

1. 18 U.S.C. § 5006(e).

2. D.C.Code 1967, § 22-502.

carrying a dangerous weapon.[3] Upon completion of presentence procedures, appellant was sentenced to a term of three to nine years on each of the assault with a dangerous weapon charges and one year on the carrying of a dangerous weapon charge —the sentences to run concurrently. The sole question of substance on this appeal is whether the trial court erred when it refused to sentence appellant under the provisions of the Federal Youth Corrections Act (the Act)[4] as construed in United States v. Waters, 141 U.S.App.D.C. 289, 437 F.2d 722 (1970), and subsequent circuit court decisions. Finding no error, we affirm.

Following his convictions, the trial court committed appellant pursuant to the Act, 18 U.S.C. § 5010(e) (1970), for observation and study. Thereafter and before the imposition of sentence on August 25, 1971, the trial court conducted a hearing at which was considered the report and recommendation of the classification committee of the Youth Center.[5] Considered also were the representations of appellant and his counsel as to reasons why sentence should be imposed under the Act. The court then considered the record of appellant's previous involvements with the law. That record discloses that, prior to his convictions for assault with a dangerous weapon and carrying a dangerous weapon, appellant (as a juvenile) was involved in 10 of such offenses as housebreaking, receiving stolen property, unauthorized use of a motor vehicle, petit larceny and armed robbery. On at least four occasions appellant was committed to the then Department of Public Welfare, but repeatedly absconded from the institution to which he was confined—the last time in January 1970.

In November 1970 appellant came into the custody of the court for the first time as an adult, charged with the offenses for which he was convicted on April 22, 1971. Subsequent to such convictions, appellant on August 19, 1971 was, after trial by jury in the United States District Court for the District of Columbia, found guilty of armed robbery and assault with a dangerous weapon. Concurrent sentences of from four to twelve years on the armed robbery conviction and from two to six years on the assault with a dangerous weapon conviction were imposed, such sentences to run concurrently with the sentences imposed in the case at bar.

At the time of imposition of the sentences in the instant case the court, commenting on appellant's record, stated, "I find it almost inconceivable that he can be handled under the Youth Act . . . ." Later, the court observed:

> It is a question of whether the Court should exercise its discretion in view of the two convictions and in view of the nature of these prior convictions.
> . . .

The court then noted appellant's extensive juvenile record, including the fact that appellant repeatedly absconded from juvenile correctional facilities, and concluded that he should be treated as an adult.

Relying upon United States v. Waters, *supra,* appellant contends that the conclusions of the trial court do not constitute a sufficient affirmative-on-the-record finding that he would not benefit from treatment under the Act, 18 U.S.C. § 5010(b) and (d), and that the court abused its discretion in sentencing him as an adult. In *Waters,* the trial court sentenced the defendant as an adult and then recommended that he be placed in a youth institution. Viewing the recommendation as an indication that the trial court found by implication that the youth would benefit from treatment under the Act, the circuit court

---

3. D.C.Code 1967, § 22–3204.

4. 18 U.S.C. § 5005 et seq.

5. The recommendation, concurred in by the District of Columbia Board of Parole, was that appellant be sentenced under the provisions of the Federal Youth Corrections Act, 18 U.S.C. § 5010(b) (1970).

vacated the sentence and remanded for re-sentencing, saying:

Under the Youth Corrections Act, § 5010(d), the court must affirmatively find that the youth offender will *not* benefit from rehabilitative treatment before the offender can be sentenced as an adult pursuant to the statute governing the offense for which he was convicted. [Footnote omitted. *Id.* at 291, 437 F.2d at 724.]

It is a fair reading of *Waters* that the circuit court, troubled by inconsistencies in the "particular combination of rehabilitation and deterrence" which the trial court in imposing sentence sought to effect, set about charting a sentencing procedure which would require, before an adult sentence could be imposed, an on-the-record showing of the basis for the court's conclusion that "the special youth treatment afforded by the Act would be of no value" or benefit to the youth offender. (*Id.* at 293, 437 F.2d at 724.) See United States v. Coefield, U.S.App.D.C. (No. 24,085 decided *en banc* February 6, 1973). *See also* United States v. Howard, 146 U.S.App.D.C. 10, 449 F.2d 1086 (1971); United States v. Ward, 147 U.S.App.D.C. 149, 454 F.2d 992 (1971); United States v. Carmichael, D.C. Cir., 469 F.2d 937 (1972).[6]

This construction of the Act in *Waters* has met with approval by other circuit courts of appeals, *see* Cox v. United States, 473 F.2d 334 (4th Cir.) (decided *en banc* January 29, 1973),[7] and represents virtually the entire case law setting forth guidelines in this area. The Government insists, however, that even if we are bound by *Waters*, we are not required to follow those post-court organization decisions of the circuit court which have, it is argued, elevated the dicta in *Waters* to expansive holdings respecting the requirements of the Act. Much the same argument was pressed upon us in Hubb v. United States, D.C.App., 298 A.2d 512 (decided *en banc* December 28, 1972), but we found it unnecessary to reach the issue because it appeared that the sentences imposed in that case did not "run afoul of the holdings in United States v. Ward, *supra,* and United States v. Waters, *supra.*" So it is in the case at bar. The findings of the court below, which conditioned the exercise of its discretion, were, in our opinion, sufficient to satisfy the requirements of the Act, whether *Waters* is read narrowly or broadly.

We are not unmindful that our concern here is with the construction by the Court of Appeals for this Circuit of a federal statute made applicable to the District of Columbia,[8] rather than one of purely local application.[9] For this reason we should view with deference the construction of this statute by the circuit court. The wisest course therefore, in order to avoid split of case law in this jurisdiction[10] on the construction of federal statute of national application and to insure uniformity of dispositional standards for youth offenders, is to observe the guidelines set forth by the circuit court in *Waters* and its progeny and in Cox v. United States, *supra.*

Because the findings of the trial court in this case pass muster under the guidelines thus established, the judgment is

Affirmed.

---

6. *See also* United States v. Howard (Supplemental Opinion on Remand), D.C.Cir., 470 F.2d 374 (decided September 21, 1972).

7. *Cf.* United States v. MacDonald, 455 F.2d 1259 (1st Cir.), cert. denied, 406 U.S. 962, 92 S.Ct. 2073, 32 L.Ed.2d 350 (1972).

8. 18 U.S.C. § 5025 (1967).

9. *See* Williams v. W.M.A. Transit Co., D.C.Cir., 472 F.2d 1258 (decided June 30, 1972), and *compare with* Robinson v. Diamond Housing Corp. (Robb, J., dissenting), D.C.Cir., 463 F.2d 853, 871 (1972).

10. *See* In the Matter of T.W., D.C.App., 295 A.2d 69, 71 (1972).