**UNITED STATES of America,
Appellee,**

v.

**Anthony LOWERY, Appellant.**

**No. 72-1597.**

United States Court of Appeals,
Third Circuit.

Submitted July 2, 1973.

Resubmitted Sept. 12, 1973.

Decided Sept. 13, 1973.

Gilbert J. Helwig, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellant.

Richard L. Thornburgh, U. S. Atty., Samuel J. Orr, III, Kathleen Kelly Curtin, Asst. U. S. Attys., Pittsburgh, Pa., for appellee.

Before GIBBONS, JAMES HUNTER, III and WEIS, Circuit Judges.

PER CURIAM:

■■ After considering the contentions raised by appellant (1) that the district court abused its discretion in denying appellant's motion for reconsideration of his modified sentence and (2) that the modified sentence was illegally imposed since the court failed to make an express finding that appellant would not derive maximum benefit from sentencing under 18 U.S.C. § 5010(b), we find these arguments to be without merit and affirm the district court decision.

■ Despite this affirmance, we are seriously troubled by appellant's allegation that he is not receiving treatment as a youth offender as required by 18 U.S.C. § 5011. If this is true, and if the circumstances of appellant's confinement are no different than those of adult offenders, then we have no doubt that some kind of relief is appropriate. As Mr. Chief Justice Burger has stated, "the basic theory of [the Youth Correction Act] is rehabilitative and in a sense this rehabilitation may be regarded as comprising the *quid pro quo* for a longer confinement but under different conditions and terms than a defendant would undergo in an ordinary prison." Carter v. United States, 113 U.S.App.D.C. 123, 306 F.2d 283, 285 (1962). *See* Harvin v. United States, 144 U.S.App.D.C. 199, 445 F.2d 675, 678–682 (1971) (en banc); United States v. Howard, 146 U.S.App.D.C. 10, 449 F.2d 1086, 1092–1093 (1971) (citing Harvin). *See generally* United States v. Alsbrook, 336 F. Supp. 973 (D.C.1971); United States v. Lowery, 335 F.Supp. 519 (D.C.1971). Consequently, we remand this case and order that a hearing be held to determine whether appellant is receiving treatment as mandated by 18 U.S.C. § 5011.

The order of the district court will be affirmed and the case will be remanded for further proceedings in accordance with the instructions in this opinion.