489 F.2d 688
 UNITED STATES of America, Plaintiff-Appellee,
v.
Fred Mark DOVER, III, Defendant-Appellant.
No. 73-2470 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Feb. 11, 1974.
 
 Hugh O'Neill, Washington, D.C., for defendant-appellant.
 William S. Sessions, U.S. Atty., James W. Kerr, Jr., Jeremiah Handy, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.
 Before BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Pursuant to Rule 35, F.R.Crim.P., appellant sought to have the District Court review his sentence of five years imprisonment with a three year special parole term imposed after his conviction, based on a plea of guilty, of conspiracy to smuggle marijuana into the United States from Mexico. The District Court denied the appellant's request for resentencing pursuant to the provisions of the Federal Youth Corrections Act, 18 U.S.C.A. 5010 and we affirm.
 
 
 2
 Appellant was convicted of conspiracy along with four co-defendants, each of whom was sentenced as a youth offender under 18 U.S.C.A. 5010(b). The Court gave no reasons at the time of sentencing as to why Dover was sentenced as an adult rather than a youth.[1] However, in its order denying the motion for resentencing, the Court stated that 'the Defendant is a youth offender who will not derive benefit from treatment pursuant to the provisions of 18 U.S.C. 5010.' The Court then cited three prior state convictions of the appellant involving similar offenses.
 
 
 3
 We recognize the intention of Congress in the Federal Youth Corrections Act to provide the youth offender with rehabilitative treatment rather than retributive punishment, H.R.Rep. No.2979, 1950 U.S.Code Cong.Service, pp. 3983-3986. Whether the trial judge must make express findings that the defendant would not benefit from youth treatment before sentencing him as an adult is an open question. See United States v. Ward, 1971, 147 U.S.App.D.C. 149, 454 F.2d 992, on remand, D.C., 337 F.Supp. 185 requiring such findings, and United States v. Dorszynski, 7 Cir. 1973, 484 F.2d 849 contra, cert. granted 414 U.S. 1091, 94 S.Ct. 721, 38 L.Ed.2d 548, 42 L.W. 3352. While the District Judge did not inform Dover at his sentencing hearing as to the reasons why he was not to be sentenced under the Federal Youth Corrections Act, he did so on the hearing of the Rule 35, F.R.Crim.P. motion.
 
 
 4
 It is within the Court's discretionary power not to sentence a youth offender under 18 U.S.C.A. 5010 if the Court determines that the youth would not benefit from the treatment. Cox v. United States, 4 Cir. 1973, 473 F.2s 334; United States v. Ward, supra. We conclude that, if required by the Act, the Court made adequate, although belated, findings that Dover would not benefit from the treatment provided under the Act and did not abuse its discretion in sentencing the appellant as an adult. To this we would add that if he were to prevail here, all he would be entitled to is a formal resentencing at which time the District Judge would have before him the information already twice considered, the last time by articulated reasons. There is no showing that a third hearing would produce any different facts or judgmental conclusions.
 
 
 5
 Affirmed.
 
 
 
 [1]
 the appellant was 21 years old at the date of his conviction which qualified him for youth treatment under the Act since the Act is directed at those youths between the ages of 18 and 22 years