**UNITED STATES of America**

v.

**James B. FORREST, Appellant.**

**No. 23088.**

United States Court of Appeals District of Columbia Circuit.

Filed Sept. 11, 1969.

---

Robb, Circuit Judge, dissented.

Mr. Bernard Dunau, Washington, D. C. (appointed by this court) was on the pleadings for appellant.

Mr. Thomas A. Flannery, U. S. Atty., was on the pleadings for appellee. Mr. John Ellsworth Stein, Asst. U. S. Atty., also entered an appearance for appellee.

Before WRIGHT, LEVENTHAL and ROBB, Circuit Judges, in Chambers.

### ORDER

PER CURIAM.

This case came on for consideration on appellant's motion for release pending appeal, the Government's response, and the order of the District Court denying release. The District Court Judge found a danger to the community should appellant be released. He stated:

> At first glance it might appear that excessive violence was absent from the instant offense, and that the defendant was simply at the wrong place at the wrong time. But a thorough review of defendant's past record places the instant offense in its true perspective —the latest assault in a continuum of lawless and progressively more dangerous conduct.

While a finding of the District Court presumptively is entitled to weight on appeal, it is also entitled to review by this court, and we have provided that review.

We note that the district judge based his comments on defendant's "past record" by referring to a number of charges. While it may be that in certain circumstances the filing of a charge may provide the basis for a finding when supplemented by other evidence, it does not appear from the record before us or from the memorandum of the district judge that any such evidence was examined in this case.[1]

Only one of these charges involved an act of violence against a person. That charge was vigorously denied by appellant, who protested that in effect he was a good samaritan rather than the offender in the situation. It is not without significance that the charge was dropped by the prosecutor.

The Government's memorandum in this court seeks to defend the action of the district judge as supported by a record showing two convictions. One of these convictions was for housebreaking and petty larceny. Appellant asserts, without contradiction by the Government, that the incident occurred at the time when appellant was 15 years old, when appel-

---

1. The list in the District Court's memorandum of previous charges against the appellant may also be too extensive. We do not pursue this point at this time except to note that the memorandum said that appellant had once been charged with grand larceny. The appellant's memorandum denies that he was ever charged with grand larceny, and the Government's brief memorandum is silent on the point.

lant entered a furniture store and exited with a TV set and table lamps.

The other conviction was for petty larceny when the appellant at the age of 18 took $40 from a theater cashier. He served six months for this offense.

The heart of appellant's record, then, is that there are two larcenies. In neither case was there a conviction for a crime of violence against the person. And it seems to us a distortion of the record to refer to it as a "continuum" of "progressively more dangerous conduct."

The only additional items are a juvenile record, which shows that appellant was involved in taking a few dollars from another boy at age 13. The other items, one for truancy, and one for the disorderly conduct of making loud noises outside a store, border on the minimal.

Perhaps the most important aspect of the case is the strong indication of a salutary effect upon appellant of the experience of serving a 6-month sentence for larceny, a detention that came after the offense for which he is now charged. After appellant served his term, he established a creditable work record at the Mayflower Hotel.

The appellant began there as a dishwasher, was promoted to a banquet runner, and promoted again to the position of assistant manager of the employees' cafeteria, the post he held when his pretrial release from custody was terminated. Mr. White of that institution has described appellant's record as reflecting "outstanding" performance, and indicated that in his view appellant was well along towards responsible adult behavior.

This pretrial release established a promising possibility of rehabilitation until it was terminated following the verdict, and Mr. White is unhesitatingly willing to re-employ appellant if he is released. While the District Judge has noted the possibility of flight in view of the five-to-fifteen-year sentence imposed, there is at least a partial offset in the possibility that continued responsible behavior on release would constitute meaningful support for a motion for reduction of sentence even if the conviction is affirmed. The foregoing considerations might well support an order of release with suitable supervisory conditions but without jail detention.

However, taking into account the concern of the District Court, it is concluded that an appropriate order within the spirit of the Bail Reform Act should provide for continued detention in jail in the evening and at night, with release on a work-release program, with daytime hours occupied by employment, and that this will be in the public interest by continuing the rehabilitative aspects of employment with reasonable assurance of protection of the public against danger as well as flight. So far as night-time activities are concerned, appellant will be in detention. So far as day-time activities are concerned there will be an operative incentive, given the context of recent progress in employment rehabilitation, to maintain a good record for presentation on motion for reduction of sentence.

Accordingly it is ordered by the court that appellant be released by the District Court on the daytime work release program that has been established under arrangements heretofore approved in other cases by the District Court, upon a showing that facilities permit and employment is available, and upon condition that the employer immediately inform appropriate officials, to be designated by the District Court, should appellant fail to appear for work. The District Court may add such other conditions, consistent with the spirit of this order, as it may deem appropriate.

ROBB, Circuit Judge (dissenting):

In my opinion the District Judge was correct in denying the appellant's motion for release pending appeal, upon the ground that the appellant poses a danger to the community. The appellant's history reflects a series of lawless and progressively more dangerous acts. As the District Judge noted: "During a seven-year period, the defendant was charged

with one truancy, one unlawful entry, one disorderly conduct, one robbery, one petit larceny, one grand larceny, one brutal assault (where he punched a woman in the face and knocked her to the ground), and one robbery which was reduced to petit larceny. To ignore this record would be to 'blink in the face of reality.' "

I cannot agree that because the appellant's offense was carnal knowledge it involved no element of violence. The appellant participated in a "gang rape". It seems to me that violence or the threat of violence is implicit in any such offense. To me it does not seem unreasonable to conclude, as did the District Judge, that if the appellant is released his next excursion into crime may involve violence, perhaps fatal violence. Such an excursion may of course be by day, while the appellant is released pending appeal.

I suggest also that the community is entitled to be protected against the appellant even though he might limit his activity to "property offenses".

I would deny the motion.