**Peter J. BRENNAN, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,**

v.

**NATIONAL HOTEL COMPANY and Menger Hotel, jointly and severally, Defendants-Appellees.**

**No. 71-3634.**

United States Court of Appeals, Fifth Circuit.

March 22, 1973.

Richard F. Schubert, Sol. of Labor, Bessie Margolin, U. S. Dept. of Labor, Washington, D. C., M. J. Parmenter, Regional Sol., Truett E. Bean, Atty., U. S. Dept. of Labor, Dallas, Tex., Carin Ann Clauss, Jacob I. Karro, Atty., U. S. Dept. of Labor, Washington, D. C., for plaintiff-appellant.

Louis J. Dibrell, Galveston, Tex., for defendants-appellees.

Charles W. Merritt, Wendell Davis, Jr., New York City, Albert L. McDermott, Washington, D. C., amicus curiae for American Hotel and Motel Assn.

Before GEWIN, BELL and GODBOLD, Circuit Judges.

GEWIN, Circuit Judge:

The Secretary of Labor brought this suit under the minimum wage provisions of the Fair Labor Standards Act (FLSA) [1] to restrain the National Hotel Company in its capacity as owner and operator of the Menger Hotel (hereinafter Menger Hotel) from continuing to withhold compensation allegedly due its tipped employees. In the face of an administrative determination to the contrary the district court decided that at all times the defendant had paid its tipped employees enough to satisfy the minimum wage requirements of the FLSA and accordingly dismissed the Secretary's suit. We reverse, not because we necessarily agree with the administrative conclusion ultimately rejected by the district court, but because in arriving at its decision the district court did not employ the correct standard for reviewing the administrative determination before it.

§ 3(m) of the FLSA [2] authorizes employers to take a partial credit against the minimum wage they are required to pay for amounts presumably received in tips by their tipped employees. The amount of the credit depends on the amount of tips actually received by the employees, but in no event can it exceed 50 percent of the applicable minimum wage. The statute leaves the initial determination as to the amount of tips being received to the employer but permits an employee who feels he is being shortchanged to seek a redetermination by the Secretary of Labor. Once the employee establishes to the satisfaction of the Secretary that the amount he is actually earning in tips is less than the amount the employer is taking credit for, then the employer is liable to the employee for the difference, and only this lesser amount may be added to the cash wages being paid the employee to determine whether the employer is meeting the minimum wage requirements of the FLSA.

Relying upon § 3(m), the Menger Hotel paid its tipped employees only 50 percent of the applicable minimum wage during the period in question; apparently it was confident that the remaining 50 percent of the wages to which these employees were legally entitled would be received in tips. After an investigation of the hotel's payroll records convinced his representative that the tip wage credits being taken by the hotel were unjustified, the Secretary brought this suit to force compliance. Before the case came to trial, the district court in accordance with the provisions of § 3(m) and the regulations adopted thereunder remanded the case to the Secretary for an administrative hearing and determination on the question of how much the hotel's tipped employees were actually pocketing in tips.[3]

1. 29 U.S.C. § 201 et seq. (1964 ed.).

2. 29 U.S.C. § 203(m) provides in pertinent part as follows:
   "In determining the wage of a tipped employee, the amount paid such employee by his employer shall be deemed to be increased on account of tips by an amount determined by the employer, but not by an amount in excess of 50 per centum of the applicable minimum wage rate, except that in the case of an employee who (either himself or acting through his representative) shows to the satisfaction of the Secretary that the actual amount of tips received by him was less than the amount determined by the employer as the amount by which the wage paid him was deemed to be increased under this sentence, the amount paid such employee by his employer shall be deemed to have been increased by such lesser amount."

3. 29 C.F.R. § 531.7 (1972). Because this suit was initiated in the district court by the Secretary of Labor, the district court had a choice of either holding its own evidentiary hearing to determine what tips were being received or remanding the case to the Secretary for an administrative determination of the question. Either course of action is proper. In this case it was Judge Guinn who made the decision to remand while Judge Wood received the findings certified by the Secretary, reviewed them, and rendered the final judgment now before us on appeal.

Pursuant to the remand order, a hearing examiner appointed by the Administrator of the Wage and Hour Division of the Department of Labor conducted a full adversary hearing to determine the amount of tips received by the hotel's employees which could be credited against the minimum wages due them under the FLSA. At the hearing both parties were permitted to present whatever evidence and argument they could muster, and the American Hotel and Motel Association was allowed to appear as an interested party and file a brief in support of the defendant.

In support of its position the Secretary offered the testimony of a large number of the hotel's tipped employees. With one exception each of these witnesses testified that at regular intervals he had made a daily record, on forms supplied by the hotel, of the amount received in tips that day and that at the end of each month in which a record was kept the total amount earned in tips that month was reported to the hotel. Each witness swore that these records and reports accurately reflected the amount of tips received. The payroll records of the hotel showed no tip receipts other than the amounts reported by its employees, and these amounts were insufficient, when added to the cash wages paid by the hotel, to equal the minimum wage required by the FLSA.

The hotel willingly admitted that it paid its tipped employees no more than 50 percent of the applicable minimum wage in spite of the fact that their monthly reports plainly indicated that they were not receiving enough in tips to justify the tip wage credit being taken. In defense the hotel took the position that self-interest, engendered by the manifold advantages to be derived from understating tip income, rendered tipped employees incapable of reporting their tips honestly and that in recognition of this fact the hotel properly disregarded the purportedly unreliable reports turned in by its employees in deciding how much to pay them. To illustrate the alleged incredibility of these reports the hotel introduced exhibits showing what percentage of his gross sales the tips reported by each employee equalled and, by comparison, what percentage of sales the tip credits taken by the hotel equalled. It cited tax cases and a Department of Labor survey to support its theory that while the employees' tip reports were inordinately low as a percentage of sales, the tips it had credited them with earning represented a reasonable percentage of sales and were comparable to what employees in similarly situated hotels were receiving. In addition it produced written statements, signed by the employees at the hotel's request and disavowed by them at the hearing, in which they admitted that they had not understood the necessity of reporting tip income accurately and that they had in fact earned as much in tips as the hotels had taken in tip credits.[4] In this fashion the hotel urged the hearing examiner to find as fact that the presumption that its tipped employees were earning at least 50 percent of the requisite minimum wage in tips was justified and to ignore their reports to the contrary.

Upon this record the hearing examiner found that the amount of tips reported monthly by each of the hotel's employees was in fact the amount he received and that the hotel could take credit for no more than this amount in computing the cash wages it was required to pay its tipped employees under

---

4. These written statements were initially prepared sometime after the hotel was investigated by the Labor Department officials. The affected employees were then summoned individually to meet with hotel officials and received the impression that they had to sign the statements in order to retain their jobs. At the hearing all employees testified that they had not understood the import of the statements and that the statements were inaccurate.

§ 3(m).[5] The hearing examiner's findings were adopted by the Administrator of the Wage and Hour Division of the Labor Department and certified by him to the district court. On cross-motions for summary judgment the district court reviewed the entire record as developed before the hearing examiner, drawing its own conclusions as to what evidence was entitled to great weight and what testimony was credible. In effect the standard of review applied, though not articulated, by the district court was that if the preponderance of the evidence supports a conclusion contrary to that reached by the administrative body in question, then the administrative determination must be ignored. Guided by this standard of review, the trial court decided that at all times the defendant's employees did receive tips in amounts sufficient, when added to the cash wages paid them by the defendant, to satisfy the minimum wage requirements of the FLSA. On this basis the Secretary's suit was dismissed.[6]

Although the standards by which the judiciary reviews administrative fact determinations vary, ranging all the way from absolute unreviewability to complete substitution of judicial judgment, the one courts most often articulate and apply is the substantial evidence rule.[7] Congress expressly adopted the substantial evidence rule as the standard best delimiting the boundaries of judicial review of administrative action when it enacted § 10(e) of the Administrative Procedure Act which authorizes reviewing courts to "hold unlawful and set aside agency action, findings, and conclusions found to be (E) unsupported by substantial evidence . . . ."[8] This standard of judicial review was not manufactured out of thin air, and its widespread acceptance is not accidental. It was conceived by reviewing courts in response to their need to free themselves from the time-consuming, frequently exasperating task of weighing the evidence, a task for which reviewing courts are particulary unsuited because in performing it they are confined to the cold record and have no opportunity to test the credibility of the witnesses by personal observation.[9] Under this standard the reviewing court refrains from substituting its own judgment as to the correct resolution of factual questions for that of the administrative agency. Instead the agency's factual determination is accepted unless there is no substantial evidence in the record as a whole to support it.[10] Thus when properly applied, the substantial evidence rule enables the judiciary to give due respect to the expertise and experience of the administrative tribunal without abdicating its

---

5. For those months in which some of the employees had failed to compile tip reports, the hearing examiner concluded that they had nevertheless received in tips an amount equal to that averaged in comparable months during which tip reports had been compiled.

6. As an alternative basis for its decision the district court held that in paying its tipped employees no more than 50 percent of the applicable minimum wage the defendant had properly relied upon an administrative regulation promulgated under § 3(m) by the Department of Labor and so had established a "good faith" defense to any suit brought under the FLSA. § 10 of the Portal-to-Portal Act of 1947, 29 U.S.C. § 259, immunizes employees from suits brought under the FLSA if the act complained of was done in good faith in reliance upon an administrative regulation adopted by the Administrator of the Wage and Hour Division of the Department of Labor. This ruling is plainly erroneous because the regulation in question, 29 C.F.R. § 531.59 (1972), clearly advises the employer that he can take credit only for the amount of tips actually received by the employee and that he is liable to the employee for the difference between the amount of tips he has taken credit for and the amount of tips actually received.

7. *See* 4 Davis, Administrative Law Treatise, § 29.01, p. 114 (1958).

8. 5 U.S.C. § 706(2)(E) (1964 ed.).

9. Universal Camera v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456; Watson v. Gulf Stevedore Corporation, 400 F. 2d 649, 651 (5th Cir. 1968).

10. *Id.*

responsibility to rectify administrative indulgence in caprice, whim or fancy.

■ The meaning of the substantial evidence formula is admirably captured in the words of Chief Justice Hughes: "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[11] Substantial evidence is enough evidence to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.[12] It is something less than the preponderance of the evidence, then, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.[13] In short, under the substantial evidence rule administrative findings are reviewed in the same manner as courts review jury verdicts.[14]

In this case the district court chose to remand the critical question of how much in tips was actually being received to the Secretary of Labor for an administrative determination. But once the administrative findings were returned, the district court proceeded to ignore them and instead conducted its own de novo review of the entire record. In this respect it erred.

We hold that tip wage determinations of the kind made in this case by the Secretary of Labor should be reviewed under the substantial evidence formula. § 3(m) itself specifies that, once the question is rased, the initial determination as to whether tip credits being taken by an employer are deserved is to be made by the Secretary. We seriously doubt that in committing this task to the Secretary Congress intended for him to be restricted to the role of an examiner who merely hears the evidence and reaches a conclusion that remains tentative until it is either approved or rejected by a court. If such were the case, any esoteric knowledge of tipping customs the Secretary might have gained from his experience in overseeing the application of § 3(m) would be wasted.

■ Furthermore the credibility determination made by the examiner who actually sees and hears the witnesses would be needlessly downgraded, and in cases such as these where the dispute centers upon how much was being earned in tips, the credibility of the complaining employees will often decide the outcome. For these reasons we conclude that a § 3(m) determination by the Secretary of Labor should be accepted unless there is no substantial evidence in the record as a whole to support it.

While we do not decide the issue of whether there is substantial evidence in this record to support the conclusion reached by the Secretary, we are inclined to believe that a review of his findings under the substantial evidence standard will very likely result in a different conclusion from that reached under the standard of review initially employed by the district court. In any event, because the district court did not apply the correct standard of review, its judgment is vacated, and the case is remanded to it for further proceedings not inconsistent with this opinion.

Vacated and remanded.

11. Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938).

12. NLRB v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939).

13. Consolo v. Federal Maritime Commission, 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L. Ed.2d 131 (1966).

14. Watson v. Gulf Stevedore Corporation, 400 F.2d 649, 652 (5th Cir. 1968).