Elliott Arthur **WILLIAMS**, Appellant,

v.

**UNITED STATES** of America.

No. 72–1380.

United States Court of Appeals,
Third Circuit.

Submitted Feb. 12, 1973.

Decided March 22, 1973.

Elliott Arthur Williams, pro se.

Richard L. Thornburgh, U. S. Atty., Samuel J. Orr, III, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before VAN DUSEN and ADAMS, Circuit Judges, and BRODERICK, District Judge.

## OPINION OF THE COURT

**PER CURIAM:**

This appeal presents the issue of whether 18 U.S.C. § 5010(d) requires that a sentence imposed by a district judge on a 19-year-old convicted felon be vacated because the judge did not make a formal finding that the defendant "will not derive benefit from treatment under" 18 U.S.C. § 5010(b) and (c) of the Youth Corrections Act, Chap. 402 of Title 18, 18 U.S.C. § 5005 et seq., even though the judge,[1] at the time of sentencing, indicated in open court that

1. 18 U.S.C. § 5010(d) provides:
   "(d) If the court shall find that the youth offender will not derive benefit from treatment under subsection (b) or (c), then the court may sentence the youth offender under any other applicable penalty provision."
   The purposes of the Youth Corrections Act have been set forth in Brisco v. United States, 368 F.2d 214 (3d Cir. 1966), and its terms as applied to persons under 22 years of age described in United

he had given considerable thought to the sentence and had decided not to sentence the defendant under that Act, and in denying a motion to vacate the jugment of conviction and sentence, filed approximately four-and-one-half years after the sentence, stated:

> "The fact that the Court did not sentence the defendant under the Youth Corrections Act but sentenced under the statute governing the offense for which he was convicted represented a finding that he would not benefit by treatment under the Youth Corrections Act."

See Memorandum of March 2, 1972, in Williams v. United States (Civil No. 72–24, W.D.Pa.).

■ We agree that the record must demonstrate that the district court has made the finding that "the youth offender will not derive benefit from treatment under subsection (b) or (c)" in order to sentence a defendant-youth offender under 18 U.S.C. § 5010(d). See Cox v. United States, 473 F.2d 334, Part III (4th Cir., 1973), and cases cited in notes 2–4 below.

■ After consideration of this record, we have concluded that the district court order of March 2, 1972, denying the motion to vacate the conviction and sentence, must be affirmed. We note that other federal courts considering subdivision (d) and other subdivisions of 18 U.S.C. § 5010 have held that a sentence under such subdivisions is valid if "the record as a whole"[2] "either explicitly or implicitly"[3] shows that the findings required by the applicable subdivision have been made.

> States v. Waters, 141 U.S.App.D.C. 289, 437 F.2d 722, 724 (1970), on remand, 324 F.Supp. 1056 (D.C.1971).

2. See Rogers v. United States, 326 F.2d 56, 58 (10th Cir. 1963).

3. United States v. Waters, 141 U.S.App. D.C. 289, 437 F.2d 722, 725 (1970), on remand, 324 F.Supp. 1056, 1060 (D.C. 1971); see also Cox v. United States, *supra*; Cherry v. United States, 299 F. 2d 325 (9th Cir. 1962).

■ In view of the increasing number of federal cases raising problems similar to that involved in this appeal,[4] and for the guidance of the district courts of this Circuit, we suggest that the findings prescribed by Congress in 18 U.S.C. § 5010(b–d) be made in open court on the record so that the transcript or tape of the sentencing proceeding will clearly disclose that such findings have been made. We do not consider it necessary that the district courts of this Circuit adhere to all the requirements[5] stated as mandatory in United States v. Coefield, 476 F.2d 1152 Part III (D.C. Cir. 1973).

For the above reasons, the order of March 2, 1972, will be affirmed.

4. *Cf.* United States v. Malcolm, 432 F.2d 809 (2d Cir. 1970), and cases there cited, as well as cases cited in notes 2 and 3 above.

5. For example, the requirement of a statement of reasons for the finding under 18 U.S.C. § 5010(d) manifesting, *inter alia* "an accurate understanding of the scope of his [trial judge's] discretion under the Act" (476 F.2d at page 1157). Presentence reports are available to the district judges of this Circuit in all such cases and there has been no evidence of the problems which the *Coefield* decision indicates have been arising in the District of Columbia.