### UNITED STATES of America
### v.
### James B. FORREST, Appellant.
### No. 71-1427.

United States Court of Appeals, District of Columbia Circuit.

July 18, 1973.

Samuel A. Stern, Washington, D. C. (appointed by this Court), Stephen A. Weiswasser and William P. Hoffman, Jr., Washington, D. C., were on the brief for appellant. Max O. Truitt, Jr., Washington, D. C., also entered an appearance for appellant.

Thomas A. Flannery, U. S. Atty., at the time the brief was filed, and Guy H. Cunningham, III, Asst. U. S. Atty., were on the brief for appellee.

Before TAMM, ROBINSON and ROBB, Circuit Judges.

PER CURIAM:

Appellant and four companions were jointly indicted on one count each of carnal knowledge.[1] Following a three-day jury trial alone, appellant was found guilty, and later was sentenced to five to fifteen years imprisonment.[2] This court reversed the District Court's denial of appellant's request for release pending appeal,[3] and subsequently affirmed his conviction without opinion.[4] Appellant thereafter filed two successive motions in each of which he sought alternatively

1. D.C.Code § 22–2801 (1967).

2. See *id.*

3. United States v. Forrest, 135 U.S.App. D.C. 350, 352, 418 F.2d 1186, 1188 (1969).

4. United States v. Forrest, No. 23,088 (D. C.Cir. Mar. 31, 1970) (unpublished).

a reduction of sentence or a resentencing under the provisions of the Federal Youth Corrections Act.[5] Both motions were denied, and from the denial of the second he takes this appeal.

At the time of sentencing, appellant was nineteen years old. His adult criminal record consisted of two charges of disorderly conduct and one conviction of robbery—the theft of $40 from a theater cashier.[6] His juvenile record showed charges of housebreaking, petty larceny, truancy, disorderly conduct, and involvement in taking several dollars from another boy.[7] Appellant had served a six-month sentence on the robbery conviction.

Each of appellant's four codefendants [8] received a disposition under the Youth Corrections Act. When, two weeks later, appellant appeared for sentencing, his counsel called the court's attention to his promising employment record and requested the court to either place him on probation or commit him under the Act.[9] In response the court said:

> This is not a pleasant case. This man has a perfectly terrible record, and the recommendations of the Probation Officer are adverse to the Youth Corrections Act.

Then, as we have said, appellant was sentenced to prison for five to fifteen years.

Our chief concern is appellant's claim that the District Court erred in refusing a commitment pursuant to the provisions of the Youth Corrections Act without an express finding that he would not benefit from treatment thereunder. For a convicted defendant qualified by age for a disposition afforded by the Act, an affirmative finding to that effect is required by our decisions in United States v. Waters,[10] and United States v. Ward;[11] and in our recent *en banc* decision in United States v. Coefield,[12] we held that the sentencing judge must explicate his reasons for his conclusion that such a disposition should not be directed. Applying these requirements to the circumstances of appellant's case, it is evident that his contention has substantial merit.

The question to be resolved hinges on our need to determine the basis for the District Court's decision not to sentence appellant under the Act. In order to implement the rehabilitative goals which Congress sought by that legislation, Section 5010(d) [13] requires the sentencing judge to affirmatively find that the youth offender will *not* benefit from treatment under the Act before sentencing him as an adult.[14] In the "exceptional case" where the judge makes such a finding, he may exercise his discretion to impose the adult sentence,[15] but this does not mean that he has unrestricted

---

5. 64 Stat. 1086 (1950), 18 U.S.C. § 5005 (1970).

6. See United States v. Forrest, *supra*, note 2, 135 U.S.App.D.C. at 351–352, 418 F. 2d at 1187–1188.

7. *Id.*

8. The four codefendants had pleaded guilty to the lesser included offense of taking indecent liberties with a minor. D.C. Code § 22–3501 (1967). Of the five, only appellant chose to stand trial.

9. See 18 U.S.C. § 5010 (1970).

10. 141 U.S.App.D.C. 289, 294, 437 F.2d 722, 727 (1970).

11. 147 U.S.App.D.C. 149, 151, 454 F.2d 992, 994 (1971).

12. 155 U.S.App.D.C. 205, 476 F.2d 1152 at 1155 (en banc 1973). We deferred

our consideration of the instant case pending the decision in *Coefield* and companion cases.

13. 18 U.S.C. § 5010(d) (1970).

14. 18 U.S.C. § 5010(d) (1970) provides:
   If the court shall find that the youth offender will not derive benefit from treatment under subsection (b) or (c), then the court may sentence the youth offender under any other applicable penalty provision.
   See United States v. Coefield, *supra* note 12, at 1154 of 476 F.2d; United States v. Waters, *supra* note 10, 141 U.S.App. D.C. at 294, 437 F.2d at 727.

15. United States v. Coefield, *supra* note 12, at 1156 of 476 F.2d; United States v. Waters, *supra* note 10, 141 U.S.App. D.C. at 291, 437 F.2d at 724.

freedom to pick and choose between a disposition authorized for youths by the Act and the adult sentence authorized by the statute which the youth offended.[16] The judge's discretion is strictly circumscribed by Section 5010(d)'s requirement that he affirmatively determine that the youth "will not derive benefit from" a commitment under the Act.[17]

The affirmative finding which Section 5010(d) mandates involves more than simply meting out the full statutory penalty to an otherwise eligible youth. In *Coefield* we emphasized that unless the rejection of a Youth Act disposition is accompanied by explicit reasons supporting the conclusion that the youth will not benefit, "it cannot be said with certainty that the Act was considered and a negative finding with respect to its possible benefits was made." [18] Even if it could be said that the disposition in appellant's case reflects a finding that he would not gain from Youth Act treatment, articulation of the judge's supporting reasons is essential to meaningful review.

As we pointed out in *Coefield*, a clear statement of the judge's reasons for refusing a Youth Act disposition is "essential to a knowledgeable administration of the Act as intended by Congress."[19] Accordingly, we held therein that the record in every case must reflect (a) that the judge is aware of the applicability of the Act to the offender before him and understands the scope of his discretion under the Act;

(b) that the judge has been apprised of the aspects of the offender's background pertinent to the sentencing decision either from what he has learned at trial, from a presentence report, or from a report made pursuant to Section 5010(e);[20] and (c) that the judge by his statement of reasons or reference to a Section 5010(e) report has related the facts of the offender's situation to the applicable law in concluding that the youth would not benefit from disposition under the Act.[21]

From the record of appellant's sentencing, it appears indisputably that these three essential considerations were neglected by the District Court. Here the judge simply stated that appellant had "a perfectly terrible record" and that the probation officer's recommendations were "adverse to the Youth Corrections Act." There was no identification of facts in the presentence report indicating that appellant was an inappropriate candidate for a Youth Act disposition, nor does the transcript of the sentencing reveal any statement of any other reason why the judge felt that such treatment would be unfruitful for appellant. Neither "a perfectly terrible record" nor an unelucidated "adverse" recommendation by a probation officer is necessarily inconsistent with a conclusion that the youth would not benefit.[22] Those statements, standing alone without explanation or elaboration, can hardly be said to evince that relationship of relevant facts to applicable law which is

16. United States v. Ward, *supra* note 11, 147 U.S.App.D.C. at 151, 454 F.2d at 994; United States v. Waters, *supra* note 10, 141 U.S.App.D.C. at 293, 437 F.2d at 726.

17. United States v. Coefield, *supra* note 12, at 1156 of 476 F.2d; United States v. Waters, *supra* note 10, 141 U.S.App. D.C. at 292, 437 F.2d at 725.

18. United States v. Coefield, *supra* note 12, at 1155 of 476 F.2d.

19. *Id.* at 1157.

20. 18 U.S.C. § 5010(e) (1970) provides:
    If the court desires additional information as to whether a youth offender

will derive benefit from treatment under subsections (b) or (c) it may order that he be committed to the custody of the Attorney General for observation and study at an appropriate classification center or agency. Within sixty days from the date of the order, or such additional period as the court may grant, the Division shall report to the court its findings.

21. United States v. Coefield, *supra* note 12, at 1157.

22. Compare United States v. Phillips, 156 U.S.App.D.C. 217, 220–223, 479 F.2d 1200, 1203–1206 (1973).

prerequisite to a refusal of Youth Act treatment.[23]

When an appellate court is asked to determine the propriety of a denial of Youth Act treatment to an apparently eligible offender, and the record contains only a comment on the defendant's record and a reference to a probation officer's "recommendations" instead of an explicit supporting rationale for the sentencing judge's action, meaningful review is impossible. It is neither our function nor our prerogative to supply missing reasons for the judge's conclusion, and it would contravene the plain requirement of the Act and our own *en banc* decisions [24] for us to affirm without such a factual finding.[25] We have no recourse but to vacate the sentence imposed on appellant, and remand for resentencing in accordance with the standards set forth herein.

So ordered.

ROBB, Circuit Judge, concurring:

Since I am bound by previous decisions of this court I acquiesce in the result.

---

23. See text *supra* at note 21.

24. United States v. Coefield, *supra* note 12, at 1155–1158 of 476 F.2d; United States v. Reed, 155 U.S.App.D.C. 198, 203–204, 476 F.2d 1145, 1150–1151 (*en banc* 1973).

25. See text *supra* at notes 14, 19–22.