George L. BROOKS, Petitioner-Appellant.

v.

UNITED STATES of America, Respondent-Appellee.

No. 73-2195.

United States Court of Appeals, Sixth Circuit.

Argued April 3, 1974.

Decided May 31, 1974.

Richard N. Rose, Lexington, Ky., for petitioner-appellant.

Robert M. Murphy, Asst. U. S. Atty., Lexington, Ky., for respondent-appellee; Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on brief.

Before CELEBREZZE, and McCREE, Circuit Judges, and WALINSKI*, District Judge.

McCREE, Circuit Judge.

This appeal from the denial of a motion to vacate sentence under 28 U.S.C. § 2255 [1] requires us to determine whether a court before sentencing as an adult, a person eligible for treatment under the Youth Corrections Act, 18 U.S.C. § 5010,[2] must make an express finding that the youth offender will not benefit from the treatment provided by that Act and give reasons for that finding. We hold that the court must make such an express finding supported by a statement of its reasons.

This case arose out of an attempted armed bank-robbery on May 21, 1970, in which appellant, then twenty years old, fired several shots at a bank guard. The guard, who was not hit, ordered appellant to drop his gun and, when appellant failed to obey, shot him. Appellant was grievously wounded and required intensive hospital care for several days.

---

* The Honorable Nicholas J. Walinski, Judge, United States District Court for the Northern District of Ohio, sitting by designation.

1. That statute provides, in relevant part:

   A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2. Section 5010 provides, in relevant part:

   (a) If the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation.

   (b) If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Division as provided in section 5017(c) of this chapter; or

   (c) If the court shall find that the youth offender may not be able to derive maximum benefit from treatment by the Division prior to the expiration of six years from the date of conviction it may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter for any further period that may be authorized by law for the offense or offenses of which he stands convicted or until discharged by the Division as provided in section 5017(d) of this chapter.

   (d) If the court shall find that the youth offender will not derive benefit from treatment under subsection (b) or (c), then the court may sentence the youth offender under any other applicable penalty provision.

   (e) If the court desires additional information as to whether a youth offender will derive benefit from treatment under subsections (b) or (c) it may order that he be committed to the custody of the Attorney General for observation and study at an appropriate classification center or agency. . . .

Subsequently, on December 14, 1970, appellant, then twenty-one years old, pleaded guilty to an indictment charging him with violating 18 U.S.C. § 2113(d).[3] The court, without expressly considering appellant's eligibility for treatment under the Youth Corrections Act, sentenced him as an adult to twenty years imprisonment. This lengthy sentence was imposed despite appellant's youth, his good family ties, his educational background, and his previously unblemished record. In the order imposing this sentence, the court also directed that Brooks be given a complete psychiatric and physical examination. The commitment for study was not made, however, pursuant to 18 U.S.C § 5010(e) or 18 U.S.C. § 4208(b).

On April 16 of the next year, appellant filed a motion for reduction of sentence. Although the court denied the motion, it is evident from the transcript of the proceeding in connection with the motion that the court was deeply troubled by the severity of the sentence it had imposed.[4] In addition to commenting on appellant's youth, his family circumstances, his educational achievement, and his lack of a previous record, the court characterized his action as irrational, expressed concern that no motive or reason for the action had been ascertained, and concluded that appellant must have suffered from some kind of emotional strain when he committed the crime. The court added, "I tried every way on earth to think if I could impose any lesser sentence. I've never given less than a 15 year sentence in a bank robbery case, and even then that's where a firearm was not used." The court concluded that "I think he wanted to hurt himself and his family, and I think he needs help desperately." At the same time, the court expressed its opinion that appellant would compile an exemplary record at the penal institution in which he would be confined and that appellant is "a bright young man and there are opportunities available to him to advance his education and skill. It need not destroy him."

Thereafter, on June 14, 1973, appellant, having served two and one-half years of his sentence, filed this motion to vacate on the grounds that the district court, by failing to make an express finding that he could not benefit from the treatment provided by the Youth Corrections Act, had imposed an illegal sentence. The government responded that the imposition of the sentence under 18 U.S.C. § 2113(d) in and

3. Section 2113 provides, in relevant part:

(a) Whoever, by force and violence, or by intimidation, takes or attempts to take, ·from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

\*　　　\*　　　\*　　　\*　　　\*

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

4. The district court stated when he denied the motion for reduction of sentence:

. . . I never had a case that bothered me as much, and I anguished about it before I imposed sentence—I gave him 20 years. If it hadn't been for his youth and his previous record I would have given him 25. It's the only case I ever gave less than 25 where a firearm was actually fired. It anguished me—it still does—still worry about it—he wrecked his life, but I wonder what I can do. I just can't conceive of a young man, a Junior at the University, had no financial problems, had no personal problems, came from a good family . . . .

of itself constituted a finding that appellant would not benefit from the Act and that such an implicit finding was legally sufficient. The district court agreed, and, without *ordering further examination of appellant,* also expressly found, in accordance with the recommendation made by the magistrate to whom the motion had been referred, that appellant would not benefit from treatment under 18 U.S.C. § 5010(b) and (c). This appeal followed.

■■■ The Federal Youth Corrections Act provides, in relevant part, that

> If the court shall find that the youth offender will not derive benefit from treatment under subsection (b) or (c), then the court may sentence the youth offender under any other applicable penalty provision. 18 U.S.C. § 5010(d).

This Act was intended to afford youthful offenders, in appropriate cases, an opportunity to receive rehabilitative treatment designed to enable them to become useful members of their communities and to avoid the dangers inherent in close confinement with experienced adult criminals. Brisco v. United States, 368 F.2d 214 (3d Cir. 1966). The Youth Corrections Act "provides a preferred sentencing alternative which *must* be used in sentencing a youthful offender unless, in the language of § 5010(d), 'the court *shall find* that the youth offender *will not derive benefit* from treatment under subsection (b) or (c) . . . .' " Cox v. United States, 473 F.2d 334, 337 (4th Cir.) (en banc), cert. denied. 414 U.S. 869, 94 S. Ct. 183, 38 L.Ed.2d 116 (1973). (Emphasis added.) Accordingly, persons eligible for sentencing thereunder should be denied the rehabilitative treatment provided by the Act only in those exceptional cases where they are so incorrigible that they could not benefit from it. United States v. Phillips, 156 U.S.App. D.C. 217, 479 F.2d 1200 (1973); United States v. Coefield, 155 U.S.App.D.C. 205, 476 F.2d 1152 (1973) (en banc).

Yet, despite the purpose of the Act and its direction that a district court affirmatively determine that a youth offender will not benefit from the treatment provided by the Act before sentencing him as an adult under other statutory provisions, courts have been unable to agree whether this required determination must be made expressly or may be made implicitly. At least one court has upheld an adult sentence imposed upon a youthful offender based upon an implicit determination, holding that a reviewing court may infer such a determination solely from the imposition of an adult sentence. United States v. Dorszynski, 484 F.2d 849 (7th Cir. 1973), cert. granted, 414 U.S. 1142, 94 Sup.Ct. 892, 39 L.Ed.2d 99 (1973). Although other courts have stated that implicit findings are permissible, they have, at the same time, remanded the very cases in which such language appears to the district courts for an explicit determination whether the youth offenders would benefit from treatment under the Act. Cox v. United States, *supra*; United States v. Jarratt, 471 F. 2d 226 (9th Cir. 1972), cert. denied, 411 U.S. 969, 93 S.Ct. 2161, 36 L.Ed.2d 691 (1973). *See also* Williams v. United States, 476 F.2d 970, 972 (3d Cir. 1973), where the court suggested, but did not require, that district courts, when sentencing youth offenders, make express the finding prescribed by the Act.

■ We believe, however, that the language of the Act and the remedial policies underlying it require the district court, before sentencing a youthful offender as an adult, to determine expressly that the person convicted will not benefit from treatment provided by the Youth Corrections Act and to state its reasons for this determination. *E. g.* United States v. Kaylor (Appeal of Hopkins), 491 F.2d 1133 (2d Cir. 1974) (en banc); United States v. Riley, 157 U.S. App.D.C. 27, 481 F.2d 1127 (1973); United States v. Coefield, *supra*. Like other courts that have required an express determination, we are persuaded

that it is necessary to insure that the sentencing court, on the basis of evidence presented at trial, and information derived from a presentence report or from a report made after study pursuant to Section 5010(e) of the Act, has deliberately considered whether a youth offender may benefit from the treatment provided for in the Act, and has not abused its discretion in applying the standards imposed by the Act in its disposition. Without an express determination that a youth offender cannot derive benefit from the Act and a statement of reasons supporting that determination, a reviewing court cannot exercise properly its responsibility of determining whether the sentencing court has abused the discretion conferred upon it by the Act. It is evident that "[w]hen an appellate court is asked to determine the propriety of a denial of Youth Act treatment to an apparently eligible offender, and the record contains only a comment on the defendant's record and a reference to a probation officer's 'recommendations' instead of an explicit supporting rationale for the sentencing judge's action, meaningful review is impossible." United States v. Forrest, 157 U.S.App.D.C. 188, 191, 482 F.2d 777, 780 (1973).

■ The facts of this case demonstrate vividly the necessity for the procedure we have stated. The record contains no reference whatsoever to the Youth Corrections Act either at the time of appellant's sentencing or at the time that his motion for reduction of sentence was denied. All that the record contains is a description of the unlawful conduct engaged in by appellant and a recommendation by a magistrate two and one-half years after sentencing, that appellant will not derive benefit from the treatment provided by the Youth Corrections Act. Of greater importance is the virtual absence of any *facts* that would suggest that appellant would not

benefit from sentencing under the Act. On the contrary, the evidence, including appellant's family circumstances, his prior good record, and his successful educational pursuits until the time of his offense, suggests that appellant may be the kind of individual whom Congress intended to assist in rehabilitation when it passed the Youth Corrections Act. We do not, however, consider the merits of the decision to impose an adult sentence at this time.

The judgment of the district court is reversed and the case is remanded with instructions to vacate appellant's sentence and for further proceedings consistent with this opinion.[5]

---

5. The district court may wish to order appellant committed to the custody of the Attorney General for observation and study pursuant to Section 5010(e) of the Youth Corrections Act in order to determine whether he will derive benefit from treatment under Section 5010(b) or (c) of the Act.