**UNITED STATES of America,**
**Plaintiff,**

v.

**Jim Wesley DAVIS et al., Defendants.**
**Crim. No. 28055.**

United States District Court,
E. D. Oklahoma.

April 17, 1975.

Richard Pyle, Muskogee, Okl., for USA.

Jan Eric Cartwright, Muskogee, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

The letter of the Defendant, Jim Wesley Davis, in the above case dated March 31, 1975 and April 3, 1975 has been referred to the Court.

This Defendant, being twenty-two years of age at the time of his conviction of bank robbery by a jury, was sentenced by the Court to a term of twenty-five years imprisonment. The Court made no express finding at sentencing that said Defendant as a youth offender would not benefit from treatment under the Federal Youth Corrections Act, 18 U.S.C. § 5005 et seq. for the reason that he was not a youth offender under said Act as at the time of his conviction he was twenty-two years of age. During his trial this Defendant testified that he was twenty-two years old. 18 U.S.C. § 5006(e) provides: " 'Youth Offender' means a person under the age of twenty-two years at the time of conviction;."

Said Defendant cites Brooks v. United States, 6 Cir., 497 F.2d 1059 (1974) in his said letter. This case was decided on May 31, 1974. On June 26, 1974 the United States Supreme Court decided the case of Dorszynski v. United States, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855. In this case the United States Supreme Court held that a Federal District Court must make an express finding on the record that the youth offender would not benefit from treatment under Sections 5010(b) or (c) of the Act, but that the Act does not require that such a finding be accompanied by supporting reasons.

Our Court of Appeals in Jackson v. United States, decided February 18, 1975 considered the holding and requirement of *Dorszynski, supra,* and held that the rule or requirement announced therein was not retroactive and should not be applied retroactively to cases in which the sentence was imposed prior to the date of said Opinion, namely, June 26, 1974.

█ Therefore, even if Defendant Davis was a "youth offender" in this case on the date of his conviction on August 3, 1973 (which he was not) the *Dorszynski* rule and the rule in Brooks v. United States, *supra,* would not apply retroactively to August 3, 1973.

█ Defendant Davis was a "young adult offender" under 18 U.S.C. § 4209 as he had attained his twenty-second birthday but had not attained his twenty-sixth birthday at the time of his conviction. But said statute, unlike 18 U.S.C. § 5010(d), does not require a finding that a "young adult offender" will not derive benefit from treatment under the Federal Youth Corrections Act.

Said Defendant will recollect that this Court by an Order previously entered herein on December 10, 1974 declined in its judgment and discretion to re-sentence him under the Federal Youth Corrections Act as requested by said Defendant as the Court did not desire to sentence him under said Act. The Court still declines to sentence Defendant Davis as a "young adult offender" under the provisions of the Federal Youth Corrections Act.