UNITED STATES of America

v.

Daniel ARMSTRONG.

Crim. No. 23468.

United States District Court, E.D. Pennsylvania.

Aug. 9, 1983.

 

He was sentenced by this court to ten years' imprisonment on Count 1 of the indictment and the same sentence on Counts 2, 3 and 4 to run concurrently with the sentence on Count 1.[1]

Petitioner alleges a denial of due process of law claiming that this court, in sentencing petitioner, did not consider treatment for petitioner under the Youth Corrections Act, 18 U.S.C. § 5005 *et seq.* Petitioner bases this claim on his allegation that the Judge did not state on the record that petitioner would not benefit from treatment under the Youth Corrections Act. For the reasons which follow, petitioner's motion will be denied, and the request for leave to proceed in forma pauperis will be granted.

The Youth Corrections Act provides an alternative system of corrections for young offenders. *Owens v. United States,* 383 F.Supp. 780 (M.D.Pa.1974), *aff'd.* 515 F.2d 507 (3d Cir.1975), *cert. denied* 423 U.S. 996, 96 S.Ct. 425, 46 L.Ed.2d 371 (1975). The Act was created in response to a recognition of the special nature of the period of life from 16 to 22 years of age when "special factors operate ... to produce habitual criminals." *Dorszynski v. United States,* 418 U.S. 424, 433–34, 94 S.Ct. 3042, 3048, 41 L.Ed.2d 855 (1974) (citing H.R.Rep. No. 2979, 81st Cong., 2d Sess., 2–3 (1950)). The Act was intended as an effort to reduce recidivism by restoring normal behavior patterns and rehabilitating young offenders during this vulnerable age. *Dorszynski,* 418 U.S. at 433, 94 S.Ct. at 3048.

To accomplish the Act's objective of correction and rehabilitation, sentencing judges were afforded new sentencing options. *See, Owens,* 383 F.Supp. at 784. These options include commitment of the offender to the custody of the Attorney General for treatment under the Act, 18

Daniel Armstrong, pro se.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Petitioner has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct the sentence he received from this court in May 1969. Petitioner has also filed a request for leave to proceed in forma pauperis. Petitioner pleaded guilty to an indictment charging him with bank robbery, 18 U.S.C. §§ 2113(a), (b), (d); § 2.

1. Petitioner was 21 years of age at the time he was sentenced on February 6, 1969. This court sentenced the defendant under 18 U.S.C. § 4208(b) for a maximum sentence of 20 years and requested that a study be made and a report issued within 90 days. On May 13, 1969, after having received the report, this court sentenced the petitioner to 10 years imprisonment. He started serving his term of imprisonment in 1969. His term of imprisonment under sentence of this court should therefore have concluded by 1979. Therefore we are uncertain whether this court has jurisdiction to decide petitioner's instant motion because of the likelihood that petitioner is not currently serving a sentence imposed by this court. Nevertheless we will consider the merits of petitioner's claim.

U.S.C. §§ 5010(b) and (c), and probation under the Act if the sentencing judge believes an offender does not need commitment. 18 U.S.C. § 5010(a).

The employment of these options in sentencing young offenders of up to age 22 is relegated to the discretion of the sentencing judge. *Dorszynski.* The Supreme Court reviewed the legislative history to conclude that the Act was meant to enlarge and not to restrict the sentencing options of federal trial courts:

> The proposed legislation is designed to make available for the *discretionary* use of the Federal judges a system for the sentencing and treatment of [youth offenders] that will promote the rehabilitation of those who *in the opinion of the sentencing judge* show promise of becoming useful citizens.... H.R.Rep. No. 2979, p. 1 (emphasis added)

*Dorszynski,* 418 U.S. at 436, 94 S.Ct. at 3049.

■ Petitioner in the case *sub judice* argues a denial of due process claiming that this court did not consider sentencing him under the Youth Corrections Act. There now exists a requirement that before a youth offender can receive an adult sentence, the trial judge must make an explicit finding on the record that the defendant would derive no benefit from the treatment under the Youth Corrections Act. *See, Dorszynski,* 418 U.S. at 436, 94 S.Ct. at 3049 (interpreting 18 U.S.C. § 5010(d)). However, even if the petitioner was eligible for treatment under the Youth Corrections Act, this eligibility does not confer a right to such a sentence. *Dorszynski,* 418 U.S. at 433–42, 94 S.Ct. at 3048–52. While the Act permits the sentencing judge to "*consider* a sentence under the Youth Corrections Act in an appropriate case, Congress has not mandated the *requirement* for such a sentence for all offenders between the ages of eighteen and twenty-two." *Owens,* 383 F.Supp. at 784.

■ The *Dorszynski* rule, requiring that a finding of "no benefit" for the youth offender be explicitly reflected in the record, has been held in the Third Circuit to

apply prospectively only. *See, Owens v. United States,* 383 F.Supp. 780 (M.D.Pa. 1974), aff'd mem. 515 F.2d 507 (3d Cir.1975) cert. denied, 423 U.S. 996, 96 S.Ct. 425, 46 L.Ed.2d 371 (1975). *Accord, Lawary v. United States,* 599 F.2d 218 (7th Cir.1979); *Jackson v. United States,* 510 F.2d 1335 (10th Cir.1975); *Ferguson v. United States,* 447 F.Supp. 1213 (S.D.N.Y.1978). Therefore, there is no requirement that the records of sentenced youth offenders who received their sentences prior to 1974 clearly indicate that the sentencing judge determined that treatment under the Act would not benefit the defendant. Difficulties would be presented by a retroactive application of the *Dorszynski* rule:

> Judge Marvin E. Frankel (SDNY) has recently stated that while judges are required to explain other rulings, see, e.g., Fed.Rule Civ.Proc. 52(a), '[t]here is no such requirement in the announcement of a prison sentence.' Frankel, Lawlessness in Sentencing, 41 U.Cin.L.Rev. 1, 9 (1972). It would have been a very simple matter for Congress to have included a statement in § 5010(d) that the sentencing court's determination of no benefit must be supported by reasons, as was required by the proposal regarding adult offenders, before the Congress in 1943, S. 895, Tit. 11, § 1, 78th Cong., 1st Sess. See n. 8, supra. Congress' failure to so provide in § 5010(d) strengthens our view that it intended no new appellate encumbrance upon the sentencing process." Fn. 15, 418 U.S. at 442, 94 S.Ct., at 3052, 41 L.Ed.2d, at 867.

*United States v. James,* 528 F.2d 999, 1023 n. 38 (5th Cir.1976) (retroactive application question avoided in considering youth offender's motion to set aside his adult sentence since defendant's appeal was pending when *Dorszynski* was decided).

■ The fact that petitioner was not sentenced under the Youth Corrections Act, but rather received a sentence under the statute governing the offense for which he was convicted, is sufficient in itself prior to the strict *Dorszynski* record requirement to represent a finding that the petitioner

would not benefit by treatment under the Act. *See, Williams v. United States,* 476 F.2d 970 (3d Cir.1973). The Third Circuit held that the lack of a formal finding on the record is not grounds for vacating a sentence. *Id.* This is so where " 'the record as a whole' ... 'either explicitly or implicitly' ... shows that the findings required by the applicable subdivision [of the Youth Corrections Act, 18 U.S.C. § 5010] have been made." *Williams,* 476 F.2d at 971. Since no formal finding was required to be reflected in the record of sentencing prior to 1974 and because judges have no duty to explain sentences imposed, petitioner's motion challenging his sentence as an adult on the grounds that he was not considered for treatment under the Act will be denied.

Petitioner has filed a request for leave to proceed in forma pauperis. The right to proceed in forma pauperis, particularly in pro se cases, should generally be granted where the required affidavit of poverty is filed, except in extreme circumstances. *Sinwell v. Shapp,* 536 F.2d 15, 19 (3d Cir.1976), citing *Lockhart v. D'Urso,* 408 F.2d 354 (3d Cir.1969). Petitioner has filed the required affidavit, which we have reviewed and have found sufficient to excuse his obligation to fund this action.